FILED
CLERK, U.S. DISTRICT COURT
10/27/2020
CENTRAL DISTRICT OF CALIFORNIA
BY: ___JB___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CR No. 2:20-cr-00520-DMG |
|---|---|
| Plaintiff, | I N F O R M A T I O N |
| v. | [18 U.S.C. § 1349: Conspiracy to Commit Bank Fraud; 18 U.S.C. § 1028A: Aggravated Identity Theft; 8 U.S.C. §§ 1326(a), (b)(1): Illegal Alien Found in the United States Following Removal; 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2), and 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| ANDRANIK AMIRYAN, | |
| Defendant. | |

The United States Attorney charges:

COUNT ONE

[18 U.S.C. § 1349]

Beginning on an unknown date, and continuing through at least September 28, 2020, in Los Angeles County, within the Central District of California, and elsewhere, defendant ANDRANIK AMIRYAN, and others, conspired to commit bank fraud, in violation of Title 18, United States Code, Section 1344.  The object of the conspiracy was carried out, and to be carried out, in substance, as follows:  Defendant AMIRYAN and his co-conspirators would impersonate a victim of identity theft and

open bank accounts in the victim's name.  Defendant AMIRYAN and his co-conspirators would use a shell company to apply for CARES Act relief funds, falsely stating that the shell company had a monthly payroll over $500,000, and attaching forged tax forms as support.  Defendant AMIRYAN and his co-conspirators would rapidly withdraw the CARES Act funds by writing checks to co-conspirators and to additional shell companies for which defendant had obtained bank accounts.  Defendant AMIRYAN would also use his bank accounts to accept fraudulently obtained CARES Act relief funds from shell companies controlled by his co-conspirators.  As a result of this fraud, defendant AMIRYAN and his co-conspirators obtained from federally-insured financial institutions over $1 million by making false statements to the banks.

COUNT TWO

[18 U.S.C. § 1028A]

Beginning on an unknown date, and continuing through at least September 28, 2020, in Los Angeles County, within the Central District of California, and elsewhere, defendant ANDRANIK AMIRYAN knowingly transferred, possessed, and used, without lawful authority, a means of identification of another person, including the name of victim P.K. on or about June 12, 2020, during and in relation to a felony violation of Title 18, United States Code, Section 1349, Conspiracy to Commit Bank Fraud, as charged in Count Two, knowing that the means of identification belonged to another actual person.

                        COUNT THREE

                  [8 U.S.C. §§ 1326(a), (b)(1)]

     On or about February 28, 2017, defendant ANDRANIK AMIRYAN, an alien, who had been officially deported and removed from the United States on or about April 16, 2008, and January 20, 2011, was found in Los Angeles County, within the Central District of California, after knowingly and voluntarily re-entering and remaining in the United States without having obtained permission from the Attorney General or his designated successor, the Secretary for Homeland Security, to reapply for admission to the United States following deportation and removal.

     At least one of defendant AMIRYAN'S previously alleged removals from the United States occurred subsequent to defendant AMIRYAN'S conviction for at least one of the following felonies: Burglary, in violation of California Penal Code Section 459, and Get Credit/Goods in Another's Identity, in violation of California Penal Code Section 530.5, on or about January 30, 2007, in the Superior Court of the State of California, County of Los Angeles, Case Number GA057187-02, for which defendant AMIRYAN was sentenced to two years in prison; Grand Theft, in violation of California Penal Code Section 487, and False Personation Of Another, in violation of California Penal Code Section 529, on or about January 30, 2007, in the Superior Court of the State of California, County of Los Angeles, Case Number GA064704-01, for which defendant AMIRYAN was sentenced to three years in prison; and Illegal Alien Found After Removal and Conviction, in violation of Title 8, United States Code, Section

1326, in the United States District Court for the Northern District of New York, for which defendant AMIRYAN was sentenced to 14 months in prison.

FORFEITURE ALLEGATION

[18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c)

and 18 U.S.C. § 982(a)(2)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given to defendant ANDRANIK AMIRYAN ("Defendant"), that the United States will seek forfeiture as part of any sentence in accordance with Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 982(a)(2), in the event of defendant's conviction under Count One or Two of this Information.

2. Defendant shall forfeit to the United States the following property:

    a. All right, title and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of any offense set forth in Count One or Two of this Information including, without limitation:

        i. approximately $11,800 in U.S. Currency seized on or about September 28, 2020 during the execution of a search warrant at a Sunland, California residence;

        ii. the approximately $201,647.81 in Bank of America business checking account 325137091308, held in the name of ACBA TECHNOLOGIES LLC, with signature authority in the name of Petro Kolot;

        iii. the approximately $60,656.79 in Bank of America business checking account 325108706596, held in the name

6

1  of MAGIC FINISHING, with signature authority in the name of
2  defendant ANDRANIK AMIRYAN;
3              iv.  the approximately $1.60 in Bank of America
4  business checking account 325108706606, held in the name of
5  HETCHY JUNCTION, INC., with signature authority in the name of
6  defendant ANDRANIK AMIRYAN; and
7         b.  A sum of money equal to the total value of the
8  property described in subparagraph a above.
9     3.  Pursuant to Title 21, United States Code, Section
10 853(p), as incorporated by Title 18, United States Code, Section
11 982(b), and Title 28, United States Code, Section 2461(c),
12 defendant shall forfeit substitute property, up to the value of
13 the property described in the preceding paragraph if, as the
14 result of any act or omission of defendant, the property
15 described in the preceding paragraph or any portion thereof (a)
16 cannot be located upon the exercise of due diligence; (b) has
17     ///

been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

NICOLA T. HANNA
United States Attorney

*/s/ Brandon Fox*

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

RANEE A. KATZENSTEIN
Assistant United States Attorney
Chief, Major Frauds Section

ANDREW BROWN
Assistant United States Attorney
Major Frauds Section